UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DONNA THOMPSON-MOOREHEAD,**

                Plaintiff,

vs.                              CASE NO. _____

**CITRUS SPECIALTY GROUP, INC.**
**d/b/a**
**HCA FLORIDA OAK HILL WOMEN'S HEALTH**
**(a Florida corporation)**

and

**MEDICREDIT, INC.**
**(a Missouri company),**

                Defendants.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1. Plaintiff alleges violations of Plaintiff's civil rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

3. Plaintiff, Donna Thompson-Moorehead is a natural person and a citizen of the State of Florida, residing in Hernando County in the Middle District of Florida.

4. Defendant, Citrus Specialty Group, Inc. d/b/a HCA Florida Oak Hill Women's Health ("HCA Florida Oak Hill Women's Health") is a domestic corporation doing business in Hernando County. Its registered agent for service of process is C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. HCA Florida Oak Hill Women's Health regularly conducts business in the State of Florida including the Middle District of Florida.

5. HCA Florida Oak Hill Women's Health is a "person" as that term is defined by Fla. Stat. § 1.01(3).

6. The FCCPA applies to any "person" collecting or attempting to collect a consumer debt. *E.g., Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906 (Fla. 2d DCA 2014); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 811-12 (Fla. 4th DCA 2002).

7. Defendant, Medicredit, Inc. ("Medicredit") is a foreign company organized and existing under the laws of the state of Missouri with its principal place of business and corporate offices Columbia, Missouri. Medicredit is registered with the Florida Department of State Division of Corporations as a foreign company. Its registered agent for service of process is C T Corporation System, 1200 South Pine

Island Road, Plantation, Florida 33324.  Medicredit regularly conducts business in the State of Florida including the Middle District of Florida.

8. Medicredit regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Medicredit regularly collects or attempts to collect debts for other parties.

10. Medicredit is a "debt collector" as that term is defined in the FDCPA and FCCPA.

11. Medicredit was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

12. Defendants sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, at all times material herein, it was alleged by Defendants that Plaintiff owed money to HCA Florida Oak Hill Women's Health for services rendered in June and July 2024. Hereinafter referred to as the "alleged debt."

13. Plaintiff is a senior, veteran and /or disabled person with limited assets and income who sought legal assistance from the Debt Counsel for Seniors & the Disabled in connection with her financial difficulties.

14. On or about September 15, 2024, HCA Florida Oak Hill Women's Health sent Plaintiff correspondence seeking to collect the alleged debt.

15. Due to financial difficulties beyond her control, Plaintiff simply cannot pay the alleged debt.

16. On or about September 23, 2024, Plaintiff's attorney provided correspondence to HCA Florida Oak Hill Women's Health advising it of Plaintiff's financial difficulties; that Plaintiff's only source of income was social security, disability, veterans' benefits, or other federally protected sources; that Plaintiff was represented by an attorney with respect to the alleged debt; and that Plaintiff wished Defendant to cease and desist communications with Plaintiff. The September 23, 2024 notice of representation included the name and address of Plaintiff's attorney.

17. HCA Florida Oak Hill Women's Health ignored the September 23, 2024 notice of representation and cease and desist request and continued to contact Plaintiff directly in an attempt to collect the alleged debt.

18. Specifically, on or about October 16, 2024, HCA Florida Oak Hill Women's Health sent Plaintiff correspondence seeking to collect the alleged debt.

19. On or about November 1, 2024, Plaintiff's attorney again provided correspondence to HCA Florida Oak Hill Women's Health advising it of Plaintiff's financial difficulties; that Plaintiff's only source of income was social security, disability, veterans' benefits, or other federally protected sources; that Plaintiff was represented by an attorney with respect to the alleged debt; and that Plaintiff wished Defendant to cease and desist communications with Plaintiff. The November 1, 2024 notice of representation included the name and address of Plaintiff's attorney.

20. The November 1, 2024 notice of representation was sent via USPS Priority Mail with Tracking Number 9405530109355055199701 and was received by HCA Florida Oak Hill Women's Health on November 4, 2024.

21. HCA Florida Oak Hill Women's Health ignored the November 1, 2024 second notice of representation and cease and desist request and continued to contact Plaintiff directly in an attempt to collect the alleged debt.

22. Specifically, on or about November 16, 2024 and December 17, 2024, HCA Florida Oak Hill Women's Health again sent Plaintiff correspondence seeking to collect the alleged debt.

23. When Plaintiff did not pay as demanded due to her inability to pay, HCA Florida Oak Hill Women's Health hired Medicredit to collect the alleged debt on its behalf.

24. HCA Florida Oak Hill Women's Health authorized Medicredit to communicate with Plaintiff in an attempt to collect the alleged debt from Plaintiff on its behalf.

25. On or about January 7, 2025, Medicredit sent a dunning letter directly to Plaintiff in an attempt to collect the alleged debt from Plaintiff on HCA Florida Oak Hill Women's Health behalf.

26. The January 7, 2025 dunning letter was an indirect attempt by HCA Florida Oak Hill Women's Health to collect the alleged debt from Plaintiff.

27. Accordingly, on January 9, 2025, Plaintiff's attorney had to inform, Defendant again in writing that Plaintiff was represented by an attorney with respect

to the alleged debt and wished Defendant to cease further communication with Plaintiff.

28. Upon information and belief, HCA Florida Oak Hill Women's Health did not inform Medicredit that Plaintiff was represented by an attorney with respect to the alleged debt when it authorized Medicredit to collect the alleged debt from Plaintiff on its behalf.

29. Alternatively, HCA Florida Oak Hill Women's Health did inform Medicredit that Plaintiff was represented by an attorney with respect to the alleged debt when it authorized Medicredit to collect the alleged debt from Plaintiff on its behalf.

30. If HCA Florida Oak Hill Women's Health did inform Medicredit that Plaintiff was represented by an attorney with respect to the alleged debt when it authorized Medicredit to collect the alleged debt from Plaintiff on its behalf, Medicredit communicated with Plaintiff despite knowledge that Plaintiff was represented by an attorney with respect to the alleged debt.

### COUNT I – HCA FLORIDA OAK HILL WOMEN'S HEALTH COMMUNICATING WITH A REPRESENTED CONSUMER IN IN VIOLATION OF THE FCCPA

31. Plaintiff incorporates Paragraphs 1 through 6 and 12 through 22 above as if fully set forth herein.

32. Defendant HCA Florida Oak Hill Women's Health communicated with Plaintiff in connection with the collection of an alleged debt despite knowledge

that Plaintiff was represented by an attorney with respect to such debt and knowledge of such attorney's name and address in violation of Fla. Stat. § 559.72(18).

33. Pursuant to Fla. Stat. § 559.77(2), Plaintiff is entitled to statutory damages sustained as a result of HCA's failure to comply with Fla. Stat. §§ 559.72 (18).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against HCA for:

a. Statutory damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

### COUNT II – HCA FLORIDA OAK HILL WOMEN'S HEALTH COMMUNICATING WITH A REPRESENTED CONSUMER IN IN VIOLATION OF THE FCCPA

34. Plaintiff incorporates Paragraphs 1 through 6 and 12 through 27 above as if fully set forth herein.

35. By authorizing Medicredit to communicate with Plaintiff in an attempt to collect the alleged debt from Plaintiff on its behalf when HCA Florida Oak Hill Women's Health knew Plaintiff was represented by an attorney with respect to the alleged debt, HCA Florida Oak Hill Women's Health indirectly communicated with Plaintiff despite knowledge that Plaintiff was represented by an attorney and knowledge of such attorney's name and address in violation of Fla. Stat. § 559.72(18).

36. Pursuant to Fla. Stat. § 559.77(2), Plaintiff is entitled to statutory damages sustained as a result of HCA's failure to comply with Fla. Stat. §§ 559.72 (18).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against HCA for:

   a. Statutory damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

### COUNT III – MEDICREDIT
### COMMUNICATING WITH A REPRESENTED CONSUMER IN IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(2)

37. Plaintiff incorporates Paragraphs 1 through 3 and 7 through 30 above as if fully set forth herein.

38. Defendant Medicredit communicated with Plaintiff in connection with the collection of an alleged debt despite knowledge that Plaintiff was represented by an attorney with respect to such debt and knowledge of such attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Medicredit, for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT IV – MEDICREDIT
## COMMUNICATING WITH A REPRESENTED CONSUMER IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

39. Plaintiff incorporates Paragraphs 1 through 3 and 7 through 30 above as if fully set forth herein.

40. Defendant Medicredit communicated with Plaintiff in connection with the collection of an alleged debt despite knowledge that Plaintiff was represented by an attorney with respect to such debt and knowledge of such attorney's name and address in violation of Fla. Stat. § 559.72(18).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Medicredit for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: /s/Kimberly H. Wochholz
Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
P.O. Box 5326
Sun City Center, FL 33571
Phone: 813-413-5710
Fax: 866-535-7199
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*